UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASOOL MCCRIMMON, | |
| Plaintiff, | Civil Action No. 18-16281 (BRM) |
| v. | **MEMORANDUM AND ORDER** |
| STEVE JOHNSON, et al., | |
| Defendants. | |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Rasool McCrimmon ("Plaintiff"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, upon the filing of an amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 8.) Based on his affidavit of indigence (ECF No. 3), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Amended Complaint (ECF No. 4).[1]

Federal law requires this Court to screen Plaintiff's Amended Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if the claim fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court has screened the Amended Complaint in this action for dismissal and has determined it shall proceed. However, any claims against Defendants West, Elhady and Egoavil are dismissed without prejudice because Plaintiff does not allege facts to suggest these Defendants were personally involved in opening of his legal mail; nor does he allege they are supervisors who failed to act. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights

---

[1] After the Court already granted Plaintiff's application to proceed *in forma pauperis*, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 6.) Because the Court has already granted such relief, Plaintiff's Motion is dismissed as moot.

action must have personal involvement in the alleged wrongs"); *Saleem v. Bonds*, No. 18-1159, 2019 WL 413533, at *4 (D.N.J. Jan. 31, 2019) (quoting *Gibbs v. Univ. Corr. Healthcare*, No. 14-7138, 2016 WL 6595916, at *2 (D.N.J. Nov. 7, 2016) ("[R]epeated written complaints to a supervisory defendant of an ongoing constitutional violation may be sufficient" to establish "knowledge and acquiescence"); *Cardona v. Warden – MDC Facility*, No. 12-7161, 2013 WL 6446999, at *5 (D.N.J. Dec. 6, 2013) (a plaintiff stated a valid claim against the warden because plaintiff alleged an ongoing constitutional violation and alleged the warden was made aware).

Accordingly, and for good cause appearing,

**IT IS** on this 14th day of May 2019,

**ORDERED** that Plaintiff's claims against Defendants West, Elhady and Egoavil are **DISMISSED WITHOUT PREJUDICE**; all other claims shall **PROCEED** at this time; to the extent Plaintiff wishes to file a second amended complaint to address the deficiencies identified herein, he may seek leave to do so through a properly filed motion which complies with all federal and local rules; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Forms from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that Plaintiff's Motion for Leave to Proceed *In forma Pauperis* (ECF No. 6) is DISMISSED as moot; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**