**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASOOL McCRIMMON, | : |
| Plaintiff, | : Civ. No. 3:18-cv-16281(BRM)(TJB) |
| v. | : |
| STEVE JOHNSON, et al., | : **OPINION** |
| Defendants. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Rasool McCrimmon's ("Plaintiff" or "McCrimmon") amended complaint filed pursuant to 42 U.S.C. § 1983. Presently pending is Moving Defendants Steve Johnson, Sean Patterson, and Amy Emrich's (the "Moving Defendants") motion to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Also pending is Plaintiff's motion to deny Moving Defendants' motion to dismiss. (*See* ECF 31). Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), and for good cause appearing, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion to deny Moving Defendants' motion to dismiss is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

As the motion to dismiss involves only three of the named defendants, the factual background provided is limited towards the three Moving Defendants involvement as alleged in the amended complaint. Further, for the purposes of this motion to dismiss, the Court accepts the factual allegations in the amended complaint as true and draws all inferences in the light most

favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Plaintiff is an inmate at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. Steve Johnson is the administrator of the New Jersey State Prison who has overall supervisory authority at the facility. (*See* ECF No. 24-3 at 3.) Johnson is the person responsible for implementing rules and policies at the facility. (*See id.*) While the amended complaint does not specifically state Sean Patterson or Amy Emrich's role at NJSP, they presumably are employed in some type of administrative capacity at NJSP given that they responded to Plaintiff's inmate inquiry/grievance forms. (*See id.* at 8-13.)

Plaintiff alleges that his legal mail has been opened outside of his presence and without his knowledge or consent on four occasions, the first occurring on November 17, 2016. (*See id.* at 5-6.) Johnson, Patterson and Emrich responded to Plaintiff's inmate inquiries/grievances about these openings. (*See id.* at 8-13.)

Plaintiff dated his original federal complaint November 13, 2018. It was received by this Court on November 19, 2018. (*See* ECF No. 1.) Subsequently, Plaintiff amended his complaint. Plaintiff seeks monetary damages and injunctive relief against the Moving Defendants for violating his First Amendment rights by opening his legal mail. (*See* ECF No. 24-3.) Moving Defendants have filed a motion to dismiss the amended complaint for failure to state a claim against them. (*See* ECF No. 30.) Plaintiff then filed a motion to deny Moving Defendants' motion to dismiss. (*See* ECF No. 31.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires that the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is 'not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pleaded; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint.'" *Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220).

### III. DECISION

Moving Defendants make four arguments in their motion to dismiss. The Court considers each in turn.

#### A. Statute of Limitations

Moving Defendants state that Plaintiff filed his original complaint on November 19, 2018. Accordingly, they argue Plaintiff's claims, to the extent they rely on incidents arising more than

4

two years prior to November 19, 2018, should be dismissed pursuant to the applicable statute of limitations.

Section 1983 borrows the applicable state's personal injury statute of limitations. *See Vickers v. Childs*, 530 F. App'x 104, 105 (3d Cir. 2013). In New Jersey, that statute of limitations for personal injury claims is two years. *See* N.J. Stat. Ann. § 2A:14-2(a).

The first legal mail opening mentioned in his complaint occurred on or about November 17, 2016. Plaintiff dated his original complaint on November 13, 2018, or within the applicable two-year statute of limitations.

For purposes of this case, applying the prisoner mailbox rule, this Court will deem Plaintiff's original complaint filed as of November 13, 2018 – the day it was dated. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *see also Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a [prisoner-plaintiff] handed his [complaint] to prison officials for mailing, it will look to the signed and dated certification of the [complaint]."). Accordingly, the complaint is timely in its entirety as all events occurred within two years of November 13, 2018.

### B. Official Capacity

Moving Defendants next assert that Plaintiff's claims against them in their official capacities should be dismissed because they are not "persons" subject to § 1983 liability.

A state official sued in his official capacity for monetary damages is not a "person" for purposes of Section 1983. *See House v. Fisher*, No. 14-2133, 2016 WL 538648, at *7 (M.D. Pa. Feb. 11, 2016) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-71 (1989)); *Goode v. New Jersey Dep't of Corr.*, No. 11-6960, 2015 WL 1924409, at *10 (D.N.J. Apr. 28, 2015) (finding that state officials sued in official capacities for monetary damages are not "persons"

within meaning of § 1983); *Johnson v. Mondrosch*, No. 13-3461, 2013 WL 12085239, at *3 (E.D. Pa. Dec. 3, 2013) (same). Therefore, Plaintiff's claims for monetary damages against the Moving Defendants in their official capacity are dismissed with prejudice.

However, Plaintiff's amended complaint also seeks prospective injunctive relief.

> "[O]fficial-capacity actions for prospective relief are not treated as actions against the state." *Will*, 491 U.S. at 71 n. 10, 109 S. Ct. 2304 (quoting [*Kentucky v.*] *Graham*, 473 U.S. [159] at 167 n. 14, 105 S. Ct. 3099 [ (1985) ] ); *see also Ex parte Young*, 209 U.S. 123, 159–160, 28 S. Ct. 441, 52 L. Ed. 714 (1908). A state official against whom prospective injunctive relief is sought, then, does not partake of the State's sovereign immunity under the Eleventh Amendment, and is considered a "person" for purposes of Section 1983.

*Grohs v. Yatauro*, 984 F. Supp. 2d 273, 281 (D.N.J. 2013). Therefore, this Court will not dismiss Plaintiff's official capacity claims against the Moving Defendants for prospective injunctive relief.

### C. Personal Involvement

Moving Defendants next assert that the claims against them should be dismissed because Plaintiff fails to allege their "personal involvement" in the purported constitutional violations.

A § 1983 plaintiff cannot rely solely on a *respondeat superior* theory of liability. *See Alexander v. Gennarini,* 144 F. App'x 924, 925 (3d Cir. 2005) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior.*"). Instead, a plaintiff must allege that a supervisor had a personal involvement in the alleged wrongs. *See Rode v. Dellaciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

With respect to supervisors, the United States Court of Appeals for the Third Circuit has

> recognized that "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the

> constitutional harm, and another under which they can be liable if they participated in violating plaintiffs rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted).

*Parkell v. Danberg,* 833 F.3d 313, 330 (3d Cir. 2016); *see also AM. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

> "[P]risoners, by virtue of their incarceration, 'do not forfeit their First Amendment right to use of the mails,' and . . . a 'pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes communication protected by the right to free speech.'" *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006) (quoting *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995)) (alteration in original). Prisoners' legal mail is accorded heightened protection because "opening properly marked court mail . . . chills protected expression and may inhibit the inmate's ability to speak, protest, and complain openly, directly, and without reservation with the court." *Id.* at 358–59 (internal quotation marks omitted).

*Rogers v. McKishen*, No. 13-3771, 2018 WL 3201784, at *7 (D.N.J. June 29, 2018). Isolated incidents of interference with legal mail are not actionable under the First Amendment absent evidence of an improper motive or evidence of injury. *See, e.g.*, *Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a First Amendment violation.").

Plaintiff indicates four incidents in his amended complaint where his legal mail was opened during a twenty-one-month period. While a close call, as this case is only at the motion to dismiss stage, this Court finds the allegations allege with enough facial plausibility to show a pattern, practice or custom of opening his legal mail. *See Rogers*, 2018 WL 3201784, at *9 (noting five instances of opening legal mail may be enough to establish a pattern or practice). Therefore, this Court will not dismiss Plaintiff's claims against the Moving Defendants based on a lack of personal

7

involvement. Plaintiff has sufficiently alleged a pattern, practice or custom to satisfy a claim against the three Moving Defendants based on a supervisory liability theory.

### D. Compensatory Damages

Moving Defendants' final argument is that the Prison Litigation Report Act ("PLRA") bars Plaintiff's request for compensatory damages because he has failed to allege physical injury.

Section 1997e(e) of Title 42 of the United States Court is entitled "Limitation on recovery." It provides "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000), the Third Circuit was presented in part with whether the District Court had properly dismissed a First Amendment claim for compensatory damages that lacked physical injury. It noted the following:

> Allah seeks substantial damages for the harm he suffered as a result of defendants' alleged violation of his First Amendment right to free exercise of religion. As we read his complaint, the only actual injury that could form the basis for the award he seeks would be mental and/or emotional injury. Under § 1997e(e), however, in order to bring a claim for mental or emotional injury suffered while in custody, a prisoner must allege physical injury, an allegation that Allah undisputedly does not make. Accordingly, Allah's claims for compensatory damages are barred by § 1997e(e) and were appropriately dismissed.

*Allah v. Al-Hafeez*, 226 F.3d 247, 250–51 (3d Cir. 2000).

Like the plaintiff in *Allah,* the only actual injury that forms the basis for monetary damages as particularly alleged in the amended complaint in this case is mental/emotional injury from the purported opening of Plaintiff's legal mail. Therefore, like *Allah*, this Court will dismiss without prejudice Plaintiff's claim for compensatory damages.

### E.  Plaintiff's Motion to Deny Moving Defendants' Motion to Dismiss

Plaintiff filed a motion to deny Moving Defendants' motion to dismiss. (*See* ECF No. 31). However, as indicated above, Moving Defendants' motion is granted in part. Accordingly, Plaintiff's motion to deny the motion to dismiss is denied.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to deny Moving Defendants' motion to dismiss is **DENIED**. Moving Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims against the Moving Defendants in their official capacities for monetary damages are dismissed with prejudice. Plaintiff's claim for compensatory damages against the Moving Defendants are **DISMISSED WITHOUT PREJUDICE**. The motion to dismiss is **DENIED** in all other respects. An appropriate order will be entered.

DATED:  June 30, 2020                                  */s/Brian R. Martinotti*
                                                                                **BRIAN R. MARTINOTTI**
                                                                                UNITED STATES DISTRICT JUDGE